IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

FILED

MAY 2 3 2019

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

ROYCE THERMON JOHNSON,       )
                            )
          Petitioner,       )
                            )
vs.                         )       Civil No. _1_:19-cv-_00403_
                            )       Crim No. 2:15-cr-00283-LSC-HNJ-9
WARDEN, FCI McDowell,       )
                            )
          Respondent.       )

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

COMES Petitioner, ROYCE THERMON JOHNSON ("Johnson"), appearing *pro se,* and in support of this memorandum would show as follows:

## I. STATEMENT OF JURISDICTION

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 2241, which confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(a) and (c)(3). A petition for habeas corpus under 28 U.S.C. § 2241 must be filed in the district of confinement. A federal prisoner may also challenge the legality of his detention under § 2241 if he falls within the "savings clause" of § 2255(e). See *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015).

## II. **STATEMENT OF THE GROUND FOR REVIEW**

Whether, in light of *Descamps v. United States*,133 S.Ct. 2276 (2013) and *Mathis v. United States*, 136 S.Ct. 2243 (2016), Johnson's: (1) prior conviction enhancement under 21 U.S.C. § 851 is null and void; and (2) prior convictions do not qualify him as a career offender requiring resentencing without the career offender enhancement.

## III. **STATEMENT OF THE CASE**

### A.    **Procedural Background**

On September 24, 2015, a grand jury sitting in the United States District Court for the Northern District of Alabama, Southern Division, returned a seventy-two (72) count Superseding Indictment charging Johnson and twenty-four other co-defendants. See Doc. 17.[1] Count 1 charged Johnson with Conspiracy to Possess with Intent to Distribute and Distribute One Kilogram or More of a Mixture and Substance Containing a Detectable Amount of Heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1). *Id.* Count 2 charged Johnson with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *Id.* Count

---

[1]
    "Doc." refers to the Docket Report in the United States District Court for the Northern District of Alabama, Southern Division, in Criminal No. 2:15-cr-00283-LSC-HNJ-9, which is followed by the Docket Entry Number. "PSR" refers to the Presentence Report in this case, which is immediately followed by the paragraph ("¶") number.

3 charged Johnson with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count 4s charged Johnson with Distribution of a Mixture and Substance Containing a Detectable Amount of Heroin, in violation of 21 U.S.C. § 841(a)(1). *Id.* Counts 26s, 51s, and 61s charged Johnson with Use of a Communication Facility to Commit a Felony Drug Trafficking Crime, in violation of 21 U.S.C. § 843(b). *Id.* The Superseding Indictment also contained Notice of Forfeiture, pursuant to 21 U.S.C. §§ 853(a)(1) and (a)(2). *Id.*

On January 7, 2016, the government filed an Information to Establish Prior Convictions with the intention to seek enhanced sentence, pursuant to 21 U.S.C. § 851 ("851 Enhancement"). See Doc. 145. Because of this, Johnson faces a statutory sentence of not less than 20 years and not more than life on Count 1s.

On January 20, 2016, a Change of Plea Hearing was held and Johnson entered a guilty plea as to Counts 1s, 4s, 26s, 51s, and 61s of the Superseding Indictment. No Doc. Entry.

On September 27, 2016, Johnson was sentenced to a total term of 240 months' Imprisonment, 10 years Supervised Release, no Fine or Restitution, and a Mandatory Special Assessment Fee of $500. See Doc. 501.

On September 28, 2016, Johnson timely filed a Notice of Appeal. See Doc. 503.

On November 17, 2017, the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") affirmed Johnson's sentence and conviction. See Doc. 626.

## B.    Statement of the Facts

### 1.    Offense Conduct

From in or about January, 2012, to on or about August 3, 2015, in Jefferson County, within the Northern District of Alabama, and elsewhere, the defendants (including Johnson), did knowingly, intentionally, and unlawfully conspire and agree with each other, and with others, to knowingly, intentionally, and unlawfully possess with the intent to distribute and to distribute a mixture and substance containing a detectible amount of heroin, a mixture and substance containing a detectible amount of cocaine hydrochloride, and a mixture and substance containing a detectible amount of cocaine base, more commonly referred to as "crack" cocaine, each a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

The Grand Jury made the following special findings as to the amounts of heroin, cocaine hydrochloride, and "crack" cocaine involved in the conspiracy:

> With respect to defendants Patrick Dewayne Hall, Lovodas Deangelo Blake, Eric Demond Hall, Jesstifur Jahalia Ferrari Hurst, Jesse Tyrone Hurst, David Wayne McDaniel, Robert Lynn Thomas, Jr., Deandre

Jadarius Hall, Royce Thermon Johnson, Brandon Dion Lewis, and Corey Lionel Pitts, the amount involved in the conspiracy attributable to each as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was 1,000 grams or more of a mixture and substance containing a detectable amount of heroin, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

See Doc. 17 at 3-5.

On or about April 7, 2015, in Jefferson County, within the Northern District of Alabama, the defendants, Jesstifur Jahalia Ferrari Hurst and Johnson, did knowingly, intentionally, and unlawfully possess with the intent to distribute and distribute a mixture and substance containing a detectible amount of heroin, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). *Id.* At 7-8.

Further, on or about the date and time listed below, in Jefferson County, within the Northern District of Alabama, and elsewhere, Johnson and other co-defendant(s), as more specifically identified herein, did knowingly, intentionally, and unlawfully use a communication facility, that being, a telephone, to facilitate the commission of a felony that is a drug trafficking crime, that is, the drug trafficking crimes, alleged in Counts 1s-9s of the Superseding Indictment, in violation of Title 21, United States Code, Section 843(b):

- 06/09/2015  10:10 a.m.  Hurst and Johnson;
- 07/05/2015  4:00 p.m.   Blake and Johnson; and
- 07/21/2015  7:58 p.m.   Blake and Johnson.

*Id.* at 13-15.

### 2.  Plea Proceeding

On January 20, 2016, a Change of Plea Hearing was held before Judge L. Scott Coogler. Johnson entered a guilty plea on Counts 1s, 4s, 26s, 51s, and 61s of the Superseding Indictment. In exchange for Johnson's guilty plea, the government agreed to recommend a 3-level reduction for acceptance of responsibility, pursuant to USSG §§ 3E1.1(a) and (b). Two (2) days later, Jerry S. Barclay ("Barclay"), Johnson's attorney, filed a Notice of Intent to Participate in Presentence Investigation on Johnson's behalf. See Doc. 167. Presumably following this meeting, on April 12, 2016, Johnson filed a *pro se* motion to appoint a new attorney alleging ineffective assistance of counsel. See Doc. 265. Following an *ex parte* hearing on the matter on April 29, 2016, Barclay filed a motion for extension of time to file objections to the Presentence Investigation Report ("PSR") and orally moved to withdraw as Johnson's attorney. See Doc. 296. The Court granted Barclay's motion and appointed Patrick M. Tuten ("Tuten") to represent Johnson.

After Tuten filed a motion to continue Johnson's sentencing, which was granted by the Court, on June 28, 2016, Johnson filed yet another *pro se* motion

alleging that Tuten was also ineffective and that he wished to withdraw his pleas of guilty. See Doc. 397.

### 3. Presentence Report Calculations and Recommendations

The Probation Office prepared Johnson's PSR. Count 1: Conspiracy to Distribute and Possess with Intent to Distribute at Least 1KG of heroin, calls for a Base Offense Level of 30, pursuant to USSG § 2D1.1(c)(5). However, Johnson was classified as a career offender within the meaning of USSG § 4B1.1, therefore, his offense level was increased from 30 to 37. Johnson received a 3-level reduction for acceptance of responsibility, pursuant to USSG §§ 3E1.1(a) and (b). The PSR calculated Johnson's Total Offense Level to be level 34. Johnson's total criminal history points established a Criminal History Category of III. Additionally, as previously stated, Johnson is a career offender, which is a Criminal History Category VI in every case pursuant to USSG § 4B1.1. Based upon a Total Offense Level of 34, and a Criminal History Category VI, the guidelines imprisonment range is 262 to 327 months.

### 4. Sentencing Proceeding

On September 27, 2016, a Sentencing Hearing was held before Judge L. Scott Coogler. The Court adopted the factual statements contained in the PSR as its findings of fact. Johnson was sentenced to: (1) 240 months as to Counts 1s and 4s and

48 months as to Counts 26s, 51s, and 61s, to run concurrently with each other and concurrently with any yet-to-be imposed sentences in Jefferson County Alabama State Court Cases DC 15-1102, CC 12-4462 and CC 12-4463; (2) 120 months of Supervised Release as to Count 1s, 72 months as to Counts 4s, 12 months as to Counts 26s, 51s, and 61s, to run concurrently with each other; and (3) payment of Mandatory Special Assessment Fee of $500. See Doc. 501. A timely Notice of Appeal was filed on September 28, 2016. See Doc. 503.

5.    Appellate Proceeding

On Appeal, Victor Kelley, appointed counsel for Johnson, has moved to withdraw from further representation of the appellant and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Eleventh Circuit's independent review of the record revealed that counsel's assessment of the relative merit of the appeal was correct. Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw was granted, and Johnson's convictions and sentences were affirmed. See *USA v. Royce Thermon Johnson*, No. 16-16300 (11th Cir. 2017).

## IV.  COGNIZABLE CLAIMS IN A PETITION FOR A WRIT OF HABEAS CORPUS UNDER § 2241

At the outset, it is well established that § 2255 "was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus [under § 2241 ]." *Davis v. United States*, 417 U.S. 333, 343 (1974). Indeed, "the sole purpose [of § 2255 ] was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." *Id* . at 344. See also, *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). As such, a federal prisoner may attack the validity of his conviction in a § 2241 petition if he can meet the requirements of § 2255(e)'s savings clause. See *In re Jones*, 226 F.3d 328 (4th Cir. 2000). The Court *In re Jones* determined that Byron Jones satisfied the requirements of the savings clause. See *In re Jones,* 226 F.3d at 329–30. Jones was convicted of four counts of using a firearm during a drug offense pursuant to 18 U.S.C. § 924(c)(1), based on a search of his apartment that uncovered crack cocaine, as well as four firearms found in a locked closet. See *Id*. at 330. However, after Jones filed his first § 2255 motion, the Supreme Court decided *Bailey v. United States*, 516 U.S. 137 (1995), which rendered Jones' convictions invalid. See *Id.* at 330. Specifically, Bailey held that the government must prove active employment of a firearm in order to convict a defendant for using a firearm under § 924(c)(1). See *Id.* (citing *Bailey*,

516 U.S. at 143.). Therefore, Jones' conduct underlying his convictions was no longer illegal. See *Id.* at 330, 334. Unable to file a second or successive § 2255 motion because *Bailey* was a statutory (not a constitutional) decision, Jones attempted to file a § 2241 petition for relief by using the savings clause portal. See *Id.* at 329–30. In analysing Jones' claim, the Court set forth three elements that must be present for a petitioner to satisfy the savings clause:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34. Jones added, "[C]ourts [allowing § 2241 review of *Bailey* claims] have focused on the more fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, has no source of redress." *Id* . at 333 n.3. The Court then found that Jones satisfied all three elements above and granted his request to file a § 2241 petition via the savings clause. See *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). In *Wheeler*, the Fourth Circuit vacated the district court's denial of appellant's savings clause request and dismissal of his 28 U.S.C. § 2241 petition. The Court held that appellant satisfied the requirements of the savings clause pursuant to its decision

in *In re Jones*, 226 F.3d 328 (4th Cir. 2000), because a retroactive change in the law, occurring after the time for direct appeal and the filing of his first section 2255 motion, rendered his applicable mandatory minimum unduly increased, resulting in a fundamental defect in his sentence. Accordingly, the Court remanded with instructions that appellant's section 2241 petition be considered on the merits. See *Wheeler*, 886 F.3d at 433. See also, *Lester v. Flournoy, Warden*, (No. 13-6956) (4th Cir. November 30, 2018). In 2004, after pleading guilty to selling crack cocaine to a government informant, Stoney Lester was sentenced to almost 22 years in prison. Lester received that sentence because he was designated a career offender under the then-mandatory Sentencing Guidelines. Later precedent, however, established that this designation was wrong and that, as a result, Lester's sentence should have been up to 11 years shorter. Lester sought relief through habeas corpus, but the district court denied his petition. Because the Court's recent decision in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), permits Lester's challenge, the Court vacated and remanded.

# V. DISCUSSION

As a preliminary matter, Johnson respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *United States v. Wilson*, 699 F.3d 789 (4th Cir. 2012) (*Pro se* pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same).

> **In light of *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *Mathis v. United States*, 136 S.Ct. 2243 (2016), Johnson's: (1) Prior Conviction Enhancement Under 21 U.S.C. § 851 is Null and Void; and (2) Prior Convictions Do Not Qualify Him As A Career Offender Requiring Resentencing Without the Career Offender Enhancement.**

In this case, Johnson asserts factual innocence of his sentence enhancement due to a change of law. As such, Section 2255 is inadequate or ineffective because of: (1) the existence of new interpretation of statutory law in *Descamps* and *Mathis*, (2) that is retroactive, and (3) applies to the petition's merits such that it is more likely than not that no reasonable trier of fact would have enhanced his sentence. See *Wooten*, 677 F. 3d at 307–08.

Johnson's sentence was driven by his sentencing enhancements under 21 U.S.C. § 851 and USSG § 4B1.1. These enhancements virtually increased his

sentence. As such, because he is actually innocent of said enhancements, he should be resentenced to a significantly less harsh sentence.

In order for Johnson to proceed under 28 U.S.C. § 2241, he must must show that his remedy under § 2255 is inadequate or ineffective by satisfying the following conditions: (1) "the existence of a new interpretation of statutory law," (2) that is retroactive, and (3) applies to the petition's merits such that it is "more likely than not that no reasonable juror would have [enhanced his sentence]". *Hill,* 836 F.3d at 595.

Johnson meets the above requirements as follows:

*Descamps* and *Mathis* are both new interpretations of statutory law. In *Hill,* the government conceded that *Descamps* was retroactive. In *Holt v. United States,* 843 F.3d 720 (7th Cir. 2016), the Court held that substantive decisions such as *Mathis* presumptively apply retroactively on collateral review. See, e.g., *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298 (1974); *Montgomery v. Louisiana,* 136 S.Ct. 718 (2016). These cases apply to the petition's merits such that it is "more likely than not that no reasonable juror [or trier of fact] would have [enhanced his sentence]". *Hill,* 836 F.3d at 595.

With regard to the prior conviction used to enhance Johnson under 21 U.S.C. § 851, he was previously convicted of the following "felony drug offense":

(1)     On or about June 14, 2013, Unlawful Distribution of a Controlled

Substance, in Case No. CC-2012-4462, in the Circuit Court of Jefferson County, Alabama.

With regard to the prior conviction used to enhance Johnson under USSG § 4B1.1, he was previously convicted of the following "controlled substance offense" or a "crime of violence offense":

(1) On or about June 14, 2013, Unlawful Distribution of a Controlled Substance, in Case No. CC-2012-4462, in the Circuit Court of Jefferson County, Alabama; and

(2) On or about June 14, 2013, Unlawful Distribution of a Controlled Substance, in Case No. CC-2012-4463, in the Circuit Court of Jefferson County, Alabama.

Johnson's prior conviction of Unlawful Distribution of a Controlled Substance may no longer qualify as a § 851 nor a career offender predicate under the proper application of the "modified categorical approach," as clarified in *Descamps*. The basics are as follows: Courts apply the "categorical approach" to determine whether a defendant was convicted of an offense with the requisite elements to qualify as a predicate "felony drug offense" under § 851 or "controlled substance offense" pursuant to USSG § 4B1.1. See *Descamps*, 133 S. Ct. at 2281-82. Under this "elements-based" approach, the prior conviction must be for an offense having the same (or narrower) elements as the applicable definition of the qualifying offense. *Id.* at 2285-86. If, by its elements, the statute of conviction sets forth a single,

"indivisible" crime that applies more broadly than the qualifying offense (i.e., it applies to an offense that is not criminalized under the definition of the qualifying offense), the prior conviction cannot be a predicate. See *id.* at 2285-86, 2293. If the statute of conviction is "divisible" into alternative elements, some of which constitute a predicate and some of which do not, the court is permitted to look beyond the judgment to a limited set of case-specific documentation—i.e., the charging document and jury instructions or bench trial findings of the court if the defendant was convicted at trial, *Taylor v. United States*, 495 U. S. 575, 602 (1990), and the plea agreement and plea colloquy transcript (or "some comparable judicial record of this information") if the defendant pled guilty, *Shepard v. United States*, 544 U. S. 13, 25-26 (2005)—to determine the elements of the offense of which the defendant was convicted, *Descamps*, 133 S. Ct. at 2283-84. If the elements of the offense of conviction cannot be determined from these documents without regard to the underlying facts, it must be assumed that the conviction was for the least culpable crime, i.e., the non-qualifying offense, see *Johnson v. United States*, 559 U.S. 133, 137 (2010), and thus the prior conviction under that statute cannot qualify as a predicate offense. This is called the "modified categorical approach," and is intended only as a "tool for implementing the categorical approach." *Descamps*, 133 S. Ct. at 2284.

The Supreme Court first adopted the categorical approach in *Taylor v. United States*, 495 U.S. 575 (1990). As it recently reiterated, it adopted this approach—rather than a factual approach that would authorize federal sentencing courts to try to discern from a previous trial or plea record facts superfluous to the prior conviction and to find that the defendant was in fact guilty of an offense of which he was not convicted—for three reasons: (1) the categorical approach comports with the text and history of the Armed Career Criminal Act at 18 U.S.C. § 924(e), which requires a mandatory 15-year minimum when the defendant has three prior convictions for a "violent felony" or "serious drug offense"; (2) a factual approach would present practical difficulties and unfairness; and (3) it would violate the Sixth Amendment for the federal court to make findings of fact that belong to a jury. See *Descamps*, 133 S. Ct. at 2287-89.

Courts of appeals have not always been disciplined in using the modified categorical approach in that limited manner, however, expanding its use to apply to statutes that do not have alternative elements and permitting federal district courts to determine on an unreliable paper record that the defendant in fact committed the generic offense. In *Descamps*, decided in 2013, the Supreme Court clamped down on these loose practices. It clarified that courts may use the modified categorical approach only for "divisible" statutes, under which the "statute sets out one or more

elements of the offense in the alternative," not all of which qualify as a predicate. *Id.* at 2281-82. It further clarified that the court may use this modified approach "only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." *Id.* at 2293 (emphasis added). "The modified approach does not authorize a sentencing court to substitute . . . a facts-based inquiry for an elements-based one. A court may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." *Id.* In other words, as with the categorical approach, the modified approach may be used only to identify the elements of the crime of which the defendant was convicted, not to identify and rely on facts superfluous to the prior conviction.

Here, Johnson was enhanced pursuant to § 851 and career offender enhancements because of his prior conviction under Alabama Code Section 13A-12-211.

Johnson was erroneously deemed both a career offender, and enhanced under 851. The district court used two prior Alabama Code § 13A-12-211, Unlawful Distribution of Controlled Substances. This crime covers a broader swath of conduct than the generic version under both the career offender and the Controlled Substance Act. It Reads:

(a)    A person commits the crime of Unlawful Distribution of Controlled Substances if, except as otherwise authorized, he or she sells, furnishes, gives any, delivers or distributes a controlled substance enumerated in Schedules I through V.

Importantly for *Shepard* and *Apprendi* purposes, all these are deemed a class B Felony. The current Supreme case law of *Mathis,* which deals with statutory interpretation binds this court to hold Johnson not a career offender, nor an offender of the 851 enhancement. Heres why; In *Mathis* which dealt with a Iowa Burglary held: (a) this case is resolved by this court's precedents, which have repeatedly held, and in no uncertain terms, that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense. See e.g *Taylor*, 495 U.S. at 602. The "underlying brute facts or means" by which the defendant commits his crime, *Richardson v. United States,* 526 U.S. 813, 817, make no difference; even if defendants conduct in fact fits within the definition of the generic offense, the mismatch of elements saves him from an ACCA sentence. This basic principle applies to the career offender, and 851 enhancements as well. *Taylor v. United States*, 495 U.S. 575, 600-601 (1990) (demand absolute certainty). The Supreme court in *Mathis* gave three basic reasons for adhering to an elements-only inquiry. First the ACCA's text, which asks only about a defendant's "prior convictions" indicates that congress merit for the sentencing judge to ask only whether "the defendant had been convicted

of crimes falling within certain categories", *id.* at 600, not what he bad done. Second, construing ACCA to go any further would raise serious Sixth amendment concerns because only a jury, not a judge, may find facts that increase the maximum penalty. See *Apprendi v. New Jersey*, 530 U.S. 466, 490. And Third, an elements- focus avoids unfairness to defendants, who otherwise might be sentenced based on statements of "non-elemental fact[s]" that are prone to error because their proof is unnecessary to a conviction. *Descamps V. United States*, 133 S.Ct. 2276 (2013)

### *Alabama Code Section 13A-12-211 is indivisible*

Alabama's statute is indivisible, it lists disjunctively the means in which a defendant can commit the crime the least of which is furnish or give away. The *Mathis* court made clear that a statutes listing of disjunctive means does nothing to mitigate the possible unfairness of basing an increased penalty on something not legally necessary to a prior conviction. Thus, the lower courts first approach is to apply the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of the particular case, here the 4B1.2's definition of a controlled substance offense, while ignoring particular facts of the case. See *id.* at 600-601 (*Taylor*). Thus, distinguishing between elements and facts is therefore central to the career offender and 851's operation. "Elements" are the "constituent parts" of a crimes legal definition- the things the prosecution must

prove to sustain a conviction. At trial, they are what the jury must find beyond a reasonable doubt to convict the defendant. *See Richardson v. United States*, 526 U.S. 813, 817 (1999). And at a plea hearing, they are what the defendant necessarily admits when he pleads guilty. See *McGarity v. united States*, 394 U.S. 459, 466 (1969). Facts, by contrast, are mere real-world things -- extraneous to the crimes legal requirements. They are "circumstance[s] or "events" having no "legal effect [or] consequences". In particular, they need neither be found by a jury nor admitted by a defendant. Blacks law dictionary 709. And the career offender , and the 851's CSA under *Taylor,* 495 U.S. at 599-600 does not care about these facts. Therefore, Alabama's unlawful distribution's least means rea element/means is to give away or furnish. The crime of conviction covers more conduct than the generic offense and cannot serve as an basis for the enhancements. The Supreme Court in *Mathis* hit this statutes text, when it stated: "suppose, for example, that a law had prohibited the lawful or unlawful entry of a premises with the "intent to steal, so as to create two different offenses, one more serious than the other. If the defendant were convicted of the offense with unlawful entry as an element then his crime of conviction would match the generic burglary and count as a ACCA predicate. But conversely, the conviction would not qualify if it were for the offense with lawful entry as an element. Alabama's unlawful distribution statute alternative list merely specifies

diverse means of satisfying a single element of a crime--- or otherwise said, spells out various factual ways of committing some component of the offense-- a jury need not find (or a defendant admit) any particular item albet sell, furnish, or give away. Hence, an jury could convict even if some said he sold the drug, others said he furnished, while the remainder concluded he simply gave the drug away. So long as the jury agreed petitioner in some fashion, specified in the statute, petitioner unlawfully distributed an controlled substance. Indeed, those listed items are not alternative elements, going toward the creation of separate crimes. To the contrary, they lay out alternative ways of satisfying a single unlawful distribution element. Under Supreme court precedents, have often held, and in no uncertain terms, that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense. See e.g. *Taylor*, 495 U.S. et 602. This means a judge cannot go beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense. See *Shepard*, 544 U.S. at 25 (Plurity opinion) *id.* at 28 (Thomas, J., concurring in part and concurring in judgment). (Stating such an approach could amount to constitutional error). He is prohibited from conducting such an inquiry himself. So too he is barred from making a disputed determination about "what the defendant and the State judge must have understood as the factual basis for the prior plea" or "what the jury in a prior trial must have accepted as the

theroy of the crime". See *id.*, at 25 (Plurality opinion); *Descamps*, 570 U.S. at . . . (slip op at 14). He can do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.

### How 21 U.S.C. § 851 Works

> If the defendant is convicted under 21 U.S.C. § 841(b)(1)(A), and the prosecutor filed a notice before trial or entry of a guilty plea under 21 U.S.C. § 851 of one "prior conviction for a felony drug offense," the statutory range increases from 10 years to life to 20 years to life. If the prosecutor filed a notice of two "prior convictions for a felony drug offense," the statutory range increases from 10 years to life to LIFE.

See 21 U.S.C. § 851.

A "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year ... that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

Absent the § 851 Enhancement, the Court may sentence Johnson as a career offender. But here, Johnson argues that he should be resentenced without the 851 and career offender enhancements.

In light of *Mathis*, it must be determined whether "listed items" in a state statute "are elements or means," and if "a state court decision definitively answers the question" the inquiry is at an end. See *Mathis*, 136 S. Ct. at 2256. The Iowa statute

was clear in *Mathis*. As the Supreme Court held in *Mathis*, "[w]hen a ruling of that kind exists, a sentencing judge need only follow what it says." *Id.* at 2256. It is therefore not necessary to utilize the other means set forth in *Mathis* for discerning whether alternatives listed in a statute are elements or means. *Id.*

If the elements of the defendant's crime of conviction criminalizes a "greater swath of conduct than the elements of the relevant [Guidelines] offense" [*Mathis*, 136 S. Ct. at 2251] . . . [T]his "mismatch of elements" means that his conviction for the knowing unlawful distribution of a controlled substance offense under the Guidelines. *Id.* That prior conviction cannot serve as a predicate offense under the Career Offender Guideline provision, which is § 4B1.1. *Id.*

In this case, the District Court erred in determining that Johnson was a career offender within the meaning of USSG § 4B1.1(a), which provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Here, Johnson was over 18 years of age when he committed this offense, and it was allegedly a "controlled substance" within the meaning of USSG § 4B1.1(a). His sentence was therefore allegedly subject to being enhanced under the "Career

Offender" Guidelines provision of USSG § 4B1.1, if he had "at least two prior felony convictions of either a "controlled substance offense" or a "crime of violence." The PSR construed USSG § 4B1.2, which defines a "controlled substance offense" and a "crime of violence."

### Controlled Substance Offense

Section 4B1.2 of the Guidelines defines a controlled substance offense as follows:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

USSG § 4B1.2(b).

### Under Section 4A1.2(a)

Under Section 4A1.2(a), a "prior sentence" is "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." USSG § 4A1.2(a)(1). The term "prior sentence" "is not directed at the chronology of the conduct, but the chronology of the sentencing." *Mitchell v. United States*, 2016 U.S. Dist. LEXIS 21923 (S.D. Ala. Jan. 8, 2016).

Multiple prior sentences. Prior sentences are always counted separately if the offenses were separated by an intervening arrest (the defendant is arrested for the first offense prior to committing the second offense) Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing. 18 USSG § 4A1.2, cmt. n.3 (emphasis added).

Section 4A1.2(a)(2) states that "If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." USSG § 4A1.2(a)(2). For purposes of scoring criminal history points, if prior sentences are counted as a single sentence and concurrent sentences are imposed, the longest sentence of imprisonment dictates the point total. *Id.*

Under § 4A1.1(a) or (b), points are added for each prior "sentence of imprisonment." Section 4A 1.2(b)(1) defines "sentence of imprisonment" as a sentence of incarceration with reference to the maximum imposed. In commentary, the Commission states that, to qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such a sentence or if the defendant escaped, must have escaped from a sentence that he or she would have been required to serve." The amount of time counted is the stated maximum of the

imposed sentence, irrespective of whether the entire term was served, or whether the term pronounced was a determinate or indeterminate term." A sentence imposed in the alternative, with a fine or other non-incarcerative disposition as an alternative to a term of imprisonment, does not count as a sentence of imprisonment." A conviction where the imposition of sentence was totally suspended or stayed is counted as a prior sentence under § 4A1.1(c), and thus results in one criminal history point.

In this case, Johnson was caught on Case Nos. CC-2012-4462 and CC-2012-4463 on the same day and was sentenced the same day. There was no intervening arrest, and the offenses occurred on the same occasion, were part of a single common scheme or plan, and were consolidated for trial or sentencing. Hence, the erred in classifying Johnson a career offender based on the said offenses, when it should have been counted as one.

Accordingly, Johnson should be resentenced without the 851 and career offender enhancements. Absent the career enhancement, Johnson's Total Offense Level would have been level 27 and a Criminal History Category of III, establishing an advisory Guidelines range of 87 to 108 months. More so, without the 851 enhancement, Johnson's statutory sentence would have been 10 years to Life. Therefore, Johnson's guideline range is 120 months, a significantly less harsh sentence.

Finally, Johnson asserts that the increase in the calculation of his sentencing range based on 851 and career offender enhancements, resulted in a longer sentence. If so, this could be deemed a miscarriage of justice. The Petition thus facially satisfies the conditions to be considered in a § 2241 proceeding under the savings clause of § 2255(e).

## VI. <u>CONCLUSION</u>

For the above and foregoing reasons, Johnson's sentence must be vacated for resentencing without the 851 and career offender enhancement, Johnson must be resentenced to 120 months. In the alternative, an evidentiary hearing should be held so that Johnson may further prove his meritorious ground for relief, resolve any disputed facts, and expand an incomplete record.

Respectfully submitted,

Dated MAY 21; 2019

ROYCE THERMON JOHNSON
REG. NO. 32445-001
FCI MCDOWELL
FEDERAL CORR. INSTITUTION
P.O.BOX 1009
WELCH, WV 24801
Appearing *Pro Se*