# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| ROYCE THERMON JOHNSON, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 1:19-00403 |
| WARDEN, FCI McDowell, | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Petition, the undersigned finds and respectfully recommends that Petitioner's Petition should be dismissed.

## FACT AND PROCEDURE

**A.    Criminal Action No. 2:15-cr-00283:**

On January 20, 2016, Petitioner pled guilty in the United States District Court for the Northern District of Alabama to one count of Conspiracy to Possess with Intent to Distribute and Distribution of One Kilogram or More of a Mixture and Substance Containing a Detectable Amount of Heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); one count of Distribution of a Mixture and Substance Containing a Detectable Amount of Heroin in violation of 21 U.S.C. § 841(a)(1) (Count 4); and three counts of Use of a Communication Facility to Commit a Felony Drug Trafficking Crime in violation of 21 U.S.C. § 843(b) (Counts 26, 51, and

61).¹ United States v. Johnson, Case No. 1:15-cr-00283 (N.D.Al. Sep. 30, 2016), Document No. 163. Id., Document No. 245. Petitioner filed his Motion to Withdraw Plea of Guilty on June 28, 2016, and the United States filed his Response in Opposition on July 12, 2016. Id., Document Nos. 397 and 453. Following a hearing, United States Magistrate Judge Harwell G. Davis, III entered his Report and Recommendation that Petitioner's Motion to Withdraw Plea of Guilty be denied. Id., Document No. 464. By Order entered on September 26, 2016, United States District Judge L. Scott Coogler adopted the Judge Davis' recommendation and denied Petitioner's Motion to Withdraw Plea of Guilty. Id., Document No. 483. On September 27, 2016, the Judge Coogler sentenced Petitioner to a term of imprisonment of "two hundred forty (240) months as to counts 1 and 4 and forty-eight (48) months as to counts 26, 51, and 61, separately, with each count to be served concurrently with the other." Id., Document No. 501. Judge Coogler further imposed "supervised release for a term of 120 months as to count 1, 72 months as to count 4 and 12 months as to counts 26, 51, and 61." Id. On the same day, Petitioner filed his Notice of Appeal. Id., Document No. 503. On September 30, 2016, Judge Coogler entered an Amended Judgment correcting the date of Petitioner's sentencing. Id., Document No. 513. On direct appeal, counsel filed an Ander's Brief on behalf of Petitioner. United States v. Johnson, 702 Fed.Appx. 940 (11th Cir. 2017). By Per Curiam Opinion entered on November 17, 2017, the Eleventh Circuit affirmed Petitioner's convictions and sentences. Id.

On November 9, 2020, Petitioner filed in the Northern District of Alabama a Motion for

---

¹ On January 7, 2016, the United States filed an "Information Relating to Previous Convictions" seeking a sentencing enhancement pursuant to 21 U.S.C. § 851 based upon Petitioner's prior felony drug conviction (June 24, 2013 conviction for Unlawful Distribution of a Controlled Substance in the Circuit Court of Jefferson County, Alabama). *Johnson*, Case No. 2:15-cr-00283, Document No. 145.

Compassionate Release and/Home Confinement Due to Threat of COVID-19. Id., Document No. 682. The foregoing going Motion is still being before the Northern District of Alabama.

**B.     Instant Section 2241 Petition:**

On May 23, 2019, Petitioner, acting *pro se*, filed his instant Section 2241 Petition and Memorandum in Support.[2] (Civil Action No. 1:19-00403, Document Nos. 1 and.) In his Petition and Memorandum, Petitioner challenges the validity of his sentence citing Mathis v. United States, 136 S.Ct. 2243 (2016) and Descamps v. United States, 133 S.Ct. 2276 (2013). (Id.) Petitioner argues that in light of Descamps and Mathis, his sentencing enhancements are "null and void." (Id.) Petitioner states that he received sentencing enhancements under 21 U.S.C. § 851 and U.S.S.G. § 4B1.1. (Id.) Petitioner explains that his "prior convictions do not qualify him as a career offender requiring resentencing without the career offender enhancement." (Id.) Relying upon Mathis and Descamps, Petitioner claims that his "prior conviction of Unlawful Distribution of a Controlled Substance may no longer qualify as a § 851 nor a career offender predicate under the proper application of the 'modified categorial approach." (Id.) Petitioner states that his sentence was enhanced based upon two prior Unlawful Distribution of Controlled Substance under Alabama Code § 13A-12-211. (Id.) Petitioner claims "this crime covers a broader swath of conduct than the generic version under both the career offender and Controlled Substance Act." (Id.) Therefore, Petitioner requests that he be resentenced without the Section 851 and U.S.S.G. § 4B1.1 enhancements. (Id.)

## ANALYSIS

---

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the Northern District of Alabama. Specifically, Petitioner alleges that his sentence is invalid based upon Mathis and Descamps. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Petition as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Northern District of Alabama. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Petition should not be construed and transferred as a Section 2255 Motion because such would be futile. Specifically, the instant Petition construed as a Section 2255 Motion would be untimely. The

Eleventh Circuit affirmed Petitioner's conviction and sentence on November 17, 2017, and his sentence became final 90 days later when he did not file a petition for writ of certiorari (February 16, 2018). Petitioner filed his instant Petition on May 23, 2019, more than three months after the one-year period expired.[3]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v.

---

[3] In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[4] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt

---

[4] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit

that *Jones* is still good law in this circuit." Id. at 427. In evaluating Petitioner's Section 2241 Petition, this Court applies Fourth Circuit procedural law and Eleventh Circuit[5] substantive law. Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019)("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted."); Bender v. Carter, 2013 WL 5636745, * 2 (N.D.W.Va. Oct. 15, 2013)(the substantive law of the court of conviction should apply to a Section 2241 Petition, but procedural law of the reviewing court should govern its application), aff'd, 564 Fed.Appx. 694 (4th Cir. 2014).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his

---

denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not requested a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

[5] Petitioner was convicted in the Eleventh Circuit, therefore, the substantive law of the Eleventh Circuit controls.

conviction. Next, Petitioner cannot establish a retroactive change in substantive law occurring after his direct appeal, or the time period for filing a timely Section 2255 Motion, such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. Petitioner's reliance upon Mathis and Descamps[6] is misplaced as both cases were decided prior to Petitioner's sentencing. Specifically, Descamps was decided on June 20, 2013 and Mathis was decided on June 23, 2016. Petitioner was sentenced on September 27, 2016. Thus, Petitioner's reliance upon Mathis and Descamps does not establish a change in settled substantive law occurring after his sentencing. Petitioner could have sought relief based upon Mathis or Descamps in his direct appeal or by filing a Section 2255 Motion. As stated above, the fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. Accordingly, Petitioner cannot satisfy the Wheeler requirements.

Based upon the foregoing, the undersigned finds that Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court

---

[6] In *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Supreme Court clarified the proper application of the categorical and modified categorical approaches used in determining whether prior crimes could be considered as predicate offenses for sentencing enhancements under the Armed Career Criminal Act ["ACCA"]. Specifically, the Supreme Court determined that a state crime does not qualify as a predicate offense "if its elements are broader than those of a listed generic offense." *Id.* In *Descamps v. United States*, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible."

9

confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Petition (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: March 18, 2021.

Omar J. Aboulhosn
United States Magistrate Judge