IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ROYCE THERMON JOHNSON,

     Petitioner,

v.                                 Civil Action No. 1:19-00403

WARDEN, FCI McDowell,

     Respondent.

**<u>MEMORANDUM OPINION AND ORDER</u>**

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on March 18, 2021, in which he recommended that the court dismiss petitioner's section 2241 petition (ECF No. 1) and remove this matter from the court's docket. (ECF No. 12.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days in which to file objections to the PF&R. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 149-50 (1985); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365-66 (4th Cir. 1989); <u>see also</u> 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a

de novo determination of those portions of the report or specified proposed findings or recommendations <u>to which objection is made</u>." (emphasis added)).

On April 5, 2021, petitioner filed a motion for an extension of time to file objections.  He did not specify how much additional time he needed.  Nor did he offer any explanation as to why he was unable to file his objections by the deadline.  Nevertheless, the court extended the deadline to April 20, 2021.  On May 26, 2021, petitioner filed untimely objections to the PF&R.

Failure to file timely objections constitutes a waiver the right to de novo review of the PF&R.  <u>See</u> <u>Taylor v. Gainey</u>, 203 F. App'x 426, 427 (4th Cir. 2006).  "Congress would not have wanted district judges to devote time to reviewing magistrate's reports except to the extent that such review is requested by the parties or otherwise necessitated by Article III of the Constitution."  <u>Diamond v. Colonial Life & Acc. Ins.</u>, 416 F.3d 310, 316 (4th Cir. 2005).  Accordingly, the court "need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Id.</u> (quoting Fed. R. Civ. P. 72 advisory committee's note).

However, even if petitioner's objections had been timely filed, they would have no bearing on the result here.  His

objections boil down to his contention that he "easily meets the *Wheeler* savings clause test." (ECF No. 15, at 4.) In United States v. Wheeler, the appeals court set forth the savings test clause as it pertains to challenges to the legality of a sentence:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d 415, 429 (4th Cir. 2018).

Petitioner was sentenced on September 27, 2016, and his direct appeal was concluded in 2017. Petitioner relies on Descamps v. United States 570 U.S. 254 (2013) and Mathis v. United States, 579 U.S. 500 (2016), but his reliance is misplaced because he cannot use these cases to meet the Wheeler test, which requires a change in settled law occurring subsequent to direct appeal. Thus, petitioner has failed to show that a § 2255 motion is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), and the court lacks jurisdiction over this challenge to his sentence.

Having reviewed the PF&R, the court adopts the findings and recommendations contained therein. Accordingly, petitioner's section 2241 petition (ECF No. 1) is **DISMISSED**, and the Clerk is directed to remove this matter from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 12th day of July, 2022.

ENTER:

David A. Faber
Senior United States District Judge

4